UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DELLA CUPPS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF DAVID CUPPS, and AMY BLAIR, APRIL GRUBER, and VALERIE CLICK | * * * * * | |
| **Plaintiffs,** | * * | Case No.: 14-615 |
| **versus** | * * | |
| TORUS SPECIALTY INSURANCE COMPANY, THE COCHRAN FIRM – LOUISIANA, LLC, DARRYL PHILLIPS ATTORNEY AT LAW, LLC, and DARRYL M. PHILLIPS | * * * * * | Judge: MILAZZO Magistrate: SHUSHAN |
| **Defendants.** | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPPOSING CONFIRMATION OF DEFAULT AGAINST THE COCHRAN FIRM, P.C.

Torus Specialty Insurance Company ("Torus"), defendant herein, submits this Memorandum opposing any efforts to obtain and/or confirm a default against co-defendant, The Cochran Firm, P.C. ("TCF"). Plaintiffs, Della Cupps, Individually and on behalf of the Estate of David Cupps, and Amy Blair, April Gruber and Valerie Click ("Plaintiffs"), recently moved for entry of default against TCF on April 17, 2015.[1] However, as discussed below, Plaintiffs fail to establish that service upon TCF was proper. Additionally, default against a co-defendant, prior to adjudication of the claims against all defendants, would be premature.

---

[1] See Rec. Doc. 42 and associated pleadings

## PROCEDURAL HISTORY

Plaintiffs filed their original Petition for Damages (the "Petition") on February 3, 2014,[2] and Torus removed this matter to this Court on March 18, 2014.[3]  The other named defendants, The Cochran Firm – Louisiana, LLC, Darryl Phillips Attorney at Law, LLC and Darryl M. Phillips (the "Louisiana Defendants") are bankrupt and were dismissed from this suit.[4]  After Plaintiffs and Torus exchanged discovery requests and responses, Plaintiffs sought to add TCF, in its alleged capacity as the "national" Cochran Firm, as an additional defendant, along with TCF's unknown insurer via a Second Supplemental and Amending Complaint filed on October 21, 2014 (the "Amended Complaint").[5]  In their Amended Complaint, Plaintiffs allege that the Louisiana Defendants practiced law "in affiliation with" TCF and further allege that all named defendants may be jointly liable for Plaintiffs' alleged damages, which stem from alleged malpractice that resulted in dismissal of Plaintiffs' wrongful death claim against various Louisiana officers and state entities.[6]

On February 18, 2015, Plaintiffs requested that a summons be issued to TCF through J.K. Givens as TCF's registered agent for service of process.[7]  The address for Mr. Givens is listed as 163 West Main St.., Dothan, AL 36301.[8]  The Clerk issued the summons the following day,[9] and on March 15, 2015, Plaintiffs filed a return of service into the record.[10]  The service return, however, indicates that the summons and Complaint were not served upon Mr. Givens at the

---

[2] See Rec. Doc. 1-2
[3] See Rec. Doc. 1
[4] See Rec. Doc. 11
[5] See Rec. Doc. 33; Plaintiffs also filed a first amended complaint seeking to add a jury demand, see Rec. Doc. 9
[6] Torus denies these allegations and denies that it has any liability whatsoever to Plaintiffs
[7] See Rec. Doc. 36
[8] Id.
[9] Rec. Doc. 38
[10] Rec. Doc. 41

above-listed address, but were rather served upon Irish Edwards at 430 West Main St., Dothan, AL.[11]   The affidavit of service attached to the summons, executed by Bill Pobison, does not specify who Irish Edwards is, and does not assert that service was attempted upon Mr. Givens or that Mr. Givens was otherwise unavailable.[12]   Likewise, the Affidavit in Support of Motion for Entry of Default executed by Donald L. Hyatt, II, and filed with Plaintiffs' Motion for Entry of Default, contains no information about: (1) attempts to serve Mr. Givens; (2) Mr. Givens' availability; or (3) any purported authority of Irish Edwards to accept service on behalf of TCF.[13]

The Clark has not yet entered any preliminary default judgment against TCF, and, as such, Plaintiffs have not yet moved to confirm any preliminary default with the Court.  However, Torus anticipates that Plaintiffs will move to confirm any default entered against TCF, and so Torus has submitted the instant memorandum advising this Court of Torus' opposition to the entry of any defaults at this stage.  Plaintiffs have failed to establish that proper service was made upon TCF, and Torus further submits that, given the procedural posture of this case, any such efforts to obtain a default against TCF are premature.

## **LAW AND ARGUMENT**

### a.  **Plaintiffs Have Not Established that Service on TCF was Sufficient and Proper**

At the outset, Torus notes that Plaintiffs have failed to meet their burden in establishing that TCF was properly served.   Without proper service, TCF is not yet obligated to file responsive pleadings and no default could properly be taken against TCF at this stage.

"Service of process on a corporation in a federal lawsuit is governed by Federal Rule of Civil Procedure 4(h).  Service under that rule must be accomplished in one of two manners: (1)

---

[11] Id.
[12] Id.
[13] See Rec. Doc. 42-1

in accordance with the law of the forum state; or (2) by delivering a copy of the summons and complaint to an officer, managing agent, general agent, or any other agent authorized by appointment or by law to receive service of process." *Sheet Metal Workers' Union Local #441 Health and Welfare Fund v. Air Comfort Co., Inc.*, 2010 U.S. Dist. LEXIS 39491, *2 (S.D.Ala. April 20, 2010); citing Fed. R. Civ. P. 4(h)(1)(A), (B). As the forum state, Louisiana's service rules would apply with respect to the first prong of this analysis. "Under Louisiana law, if a corporation has designated a registered agent for service of process, unless a plaintiff attempts unsuccessfully to serve the agent, and shows that the registered agent was unavailable, service on another corporate employee is insufficient." *Vaughan v. L.G. Barcus & Sons, Inc.*, 2000 U.S. Dist. LEXIS, 196, *2-3 (E.D.La. Jan. 10, 2000); *citing Scott Fence Indus., Inc. v. Neuenhaus*, 490 So.2d 1132 (La.App.5[th] Cir. 1986). What is more, even if Alabama law applied, "Alabama law requires that service on a corporation be accomplished by service on an officer, a partner, a managing agent, a general agent, an agent appointed to receive service of process, or an agent authorized by law to accept service of process." *Air Comfort Co., Inc., supra*, at *2-3; citing Ala.R.Civ.P. 4(c)(6).

In the present matter, Plaintiffs plainly have not made service upon TCF's registered agent for service of process, Mr. Givens. Service was instead attempted on Irish Edwards at a different address than that listed for Mr. Givens. Plaintiffs have made no showing that service was attempted on Mr. Givens or that Mr. Givens was unavailable for service. Additionally, Plaintiffs have not explained who Irish Edwards is and have not made any showing in attempt to establish that Irish Edwards is an officer, managing agent or is in any way authorized to accept service on behalf of TCF. In light of this, Plaintiffs' Motion for Entry of Default is deficient and fails to meet its burden. Plaintiffs' requested relief should be denied for this reason alone.

### b. Entry of Default Against TCF Would be Premature

Further, in light of the alleged relationship between the defendants, a default against a single defendant at this stage would be premature. Rather, justice first requires that this matter be adjudicated as to all defendants, given that Plaintiffs have alleged that the defendants are jointly liable for the damages sought.[14]

"Entry of default judgment lies within the discretion of the district court." *General Electric Capital Corp. v. Arnoult*, 2002 WL 32856 at *1 (E.D.La. Jan. 9, 2002) (citing *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)); *see also Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). "A party is not entitled to default judgment as a matter of right, even where the defendant is technically in default." *General Electric Capital*, 2002 WL 32856 at *1; *Lewis*, 236 F.3d at 767 (citing *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations. *Lewis*, 236 F.3d at 767 (citing *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, the U.S. Fifth Circuit has adopted a policy in favor of resolving cases on their merits and against the use of default judgments. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *Payton v. Dyncorp Intern.*, 2010 WL 5153443 at *1 (E.D.La. Dec. 10, 2010) (citing *Rogers, supra*); *Coastal Drilling Co., LLC v. Shinn Enterprises, Inc.*, 2008 WL 2178066 at *1 (E.D.La. May 21, 2008) (citing *Rogers, supra*).

---

[14] Which Torus disputes

Plaintiffs have alleged that Torus insured the Louisiana Defendants,[15] and Plaintiffs further allege that the Louisiana Defendants are somehow affiliated with TCF.  Plaintiffs' prayer for relief in the Amended Complaint seeks to hold all named defendants jointly liable for the Plaintiffs' alleged damages.[16]

"As a general rule, when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."  Wright, Miller, & Kane, *Federal Practice and Procedure, Civil 2d*, § 2690 at 455-56 (1983); *see also First Nat. Bank of Louisville v. Lustig*, 1992 WL 110539 (E.D.La. May 6, 1992) (citing Wright, Miller, *supra*); *General Electric Capital*, 2002 WL 32856 at *2 (citing 10A Charles Allen Wright, et al., *Federal Practice & Procedure*, § 2690 (3d ed. 1998); *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872)); *G&N Enterprises, Inc. v. Mellon Financial Services Corp. No. 7*, 1991 WL 19096 at *1 (E.D.La. Feb. 7, 1991) (citing *Frow*, *supra*; *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985)).

Because Plaintiffs' pleadings assert that the defendants herein should be held jointly liable, entry of a default by the Court would be contrary to the law.  This matter is far from adjudicated as to all defendants.  Torus, therefore, opposes any attempt by Plaintiffs to enter a default against TCF.

---

[15] Torus denies these allegations and denies any and all liability to Plaintiffs
[16] Rec. Doc. 33

## CONCLUSION

For the reasons set forth herein, defendant Torus Specialty Insurance Company respectfully requests that this Court deny any attempt by Plaintiffs to enter a default against The Cochran Firm, P.C.

Respectfully submitted,

_/ s / Alex P Tilling_____
**GEORGE D. FAGAN (#14260)**
**ALEX P TILLING (#29686)**
Leake & Andersson, LLP
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
Telephone:  (504) 585-7500
Fax:  (504) 585-7775
E-mail:  gfagan@leakeandersson.com
Email:  atilling@leakeandersson.com


■   AND

**Rory Eric Jurman (FLA Bar #194646)**
FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 377-8100
Facsimile: (954) 377-8101
rjurman@fowler-white.com
yshneyderman@fowler-white.com
(Admitted Pro Hac Vice)


**Attorneys for Defendant,**
**Torus Specialty Insurance Company**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the above and foregoing pleading has been served upon the all counsel of record by ECF and facsimile on April 20, 2015.


_____/s/Alex P Tilling_____
**ALEX P TILLING**

CP / 39929 / 56