UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DELLA CUPPS, ET AL.**                         **CIVIL ACTION**

**VERSUS**                                      **NO. 14-615**

**TORUS SPECIALTY INSURANCE CO. ET AL.**        **SECTION "H"**

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Entry of Default as to The Cochran Firm, P.C. (R. Doc. 42) and Defendant Torus Specialty Insurance Company's Response in Opposition (R. Doc. 43). For the following reasons, Plaintiff's Motion is DENIED.

### BACKGROUND

On October 21, 2014, Plaintiffs filed a Second Supplemental and Amended Complaint adding The Cochran Firm, P.C. ("TCF"), an Alabama corporation, as a defendant in this matter. Plaintiffs attempted service on TCF and filed an executed summons into the record on March 13, 2015. Because TCF failed to appear in the litigation, Plaintiffs filed the instant Motion for Entry of Default

1

on April 17, 2015, asking this Court to enter default against TCF.

Subsequently, another defendant—Torus Specialty Insurance Company ("Torus")—filed a response opposing the entry of default against TCF. Torus points out that the summons filed by Plaintiffs shows that service was made on Irish Edwards at 430 West Main Street. Torus argues that this service was improper because Irish Edwards is not TCF's registered agent, nor does the location of service match the registered agent's address. Indeed, according to the Alabama Secretary of State website, of which this Court takes judicial notice,[1] TCF's registered agent is J.K. Givens at 163 West Main Street in Dothan, Alabama. Plaintiffs have not elaborated on Irish Edward's identity or relation to TCF.

## LAW AND ANALYSIS

"The Federal Rules of Civil Procedure provide that a corporation must be served either 'by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process' or by following the dictates of applicable state law regarding service of an individual."[2] Service may be made pursuant to the state law of the forum or place of service.[3] In Louisiana, the forum state, service on a corporation must be made by personal service on any

---

[1] *See In re Katrina Canal Breaches Consol. Lit.*, 533 F. Supp. 2d 615, 632 (E.D. La. 2008).

[2] *Flander v. Kforce, Inc.*, 526 F. App'x 364, 368 (5th Cir. 2013); Fed. R. Civ. P. 4.

[3] Fed. R. Civ. P. 4(e)(1).

one of the corporation's agents for service of process.[4]  In Alabama, the state of service, service may be made on a corporation by serving an officer or any agent authorized by appointment or by law to receive service of process.[5]

Accordingly, in order to effect proper service, Plaintiffs must have served a registered agent or officer of TCF.  Plaintiff has not indicated that Irish Edwards is either. "Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process."[6]  Because Plaintiff has not convinced this Court that its service on TCF was proper, its motion for entry of default against TCF is denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is DENIED.

New Orleans, Louisiana, this 27th day of April, 2015.

_____
 **JANE TRICHE MILAZZO**
 **UNITED STATES DISTRICT JUDGE**

---

[4] La. Code Civ. Proc. art. 1261.

[5] Ala. R. Civ. P. 4.

[6] 10A ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682 (3d ed.); *see Finley v. Kondaur Capital Corp.*, 909 F. Supp. 2d 969, 984 (W.D. Tenn. 2012) (refusing to enter default when Plaintiff provided no proof of service).