UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DELLA CUPPS, ET AL.                          CIVIL ACTION

VERSUS                                       NO. 14-615

TORUS SPECIALTY INSURANCE CO., ET AL.    SECTION "H"

## ORDER AND REASONS

Before the Court is Defendant Torus Specialty Insurance Company's ("Torus") unopposed Motion for Summary Judgment (R. Doc. 45). For the following reasons, Defendant's Motion is GRANTED, and Plaintiffs' claims against Torus are DISMISSED WITH PREJUDICE.

## BACKGROUND

This is an action for legal malpractice. Plaintiffs, the relatives of David Cupps, claim that Defendants were negligent in their representation of Plaintiffs in the wrongful death action of Mr. Cupps. The deceased, an Ohio resident, was allegedly kidnapped and murdered by two men who had escaped from the

1

custody of the Louisiana Department of Corrections.  After Mr. Cupps's murder, Plaintiffs retained a Missouri law firm to represent them in a wrongful death claim.  The Missouri law firm in turn retained Defendants The Cochran Firm, attorney Darryl Phillips, and Darryl Phillips Attorney at Law, LLC (collectively "The Phillips Defendants") to serve as local counsel.

The Phillips Defendants filed two lawsuits on behalf of Plaintiffs.  The first, filed in the Middle District of Louisiana, was dismissed for lack of subject matter jurisdiction on May 24, 2013.  Proper service was not made on the defendants in the Middle District Litigation, so prescription was never interrupted by the filing of that suit.  On August 20, 2012, more than one year after the anniversary of Mr. Cupp's death, the Phillips Defendants filed a lawsuit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on behalf of Plaintiffs.  On November 5, 2013, this lawsuit was dismissed on res judicata and lis pendens grounds.  The next day, a representative of Plaintiffs notified the Phillips Defendants that the dismissal may have resulted from their professional negligence in filing the petition untimely.

Defendant Torus issued a Lawyer's Professional Responsibility Policy (the "Policy") with a policy period of January 26, 2012 to January 26, 2013 to Defendant The Cochran Firm ("TCF") as the named insured.  The Policy was the last of any kind issued by Torus to TCF or any of the Phillips Defendants.  TCF did not renew the Policy after it expired, and no additional Torus policy was issued.  Furthermore, no extended reporting period was purchased under the Policy on behalf of TCF or any of the Phillips Defendants.

2

On February 3, 2014, Plaintiffs brought suit against the Phillips Defendants and Torus for their negligence in handling the wrongful death claim arising out of Mr. Cupps's death.  Torus now moves this Court for summary judgment on all of Plaintiffs' claims against it.  Although Plaintiffs have not filed an opposition to this Motion, the Court may not simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[1]   Indeed, on a motion for summary judgment, the moving party still "has the burden of establishing that there is no genuine dispute of material fact; and, unless that party does so, a court may not grant the motion, regardless [of] whether any response is filed."[2]  In this District, the failure to file an opposition requires the Court to deem the moving party's statements of uncontested material facts admitted.[3]  Nonetheless, the moving party must still make a prima facie showing of its entitlement to judgment.[4]

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

---

[1] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).

[2] *Davis–Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012) (citing *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

[3] *See* L.R. 56.2.

[4] *See Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1999).

3

is entitled to a judgment as a matter of law."[5]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[7] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[8]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[9]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[10]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[11]

---

[5] Fed. R. Civ. P. 56(c) (2012).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[7] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[8] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[10] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[11] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[12]

## LAW AND ANALYSIS

Although insurance policies "are executed for the benefit of all injured persons," such protection is limited "by the terms and limits of the policy."[13]  The statute governing limitations on an insurer's ability to contract does not mandate coverage where none exists.[14]  The Policy issued by Torus to TCF includes a Lawyers Professional Liability Insurance coverage section and is a "claims-made-and-reported" policy.  It contains the following language:

> The Company shall pay on behalf of any INSURED all DAMAGES in excess of the deductible which any INSURED becomes legally obligated to pay as a result of CLAIMS first made against any INSURED during the POLICY PERIOD [January 26, 2012 to January 26, 2013] and reported to the Company in writing during the POLICY PERIOD or within sixty (60) days thereafter, by reason of any WRONGFUL ACT occurring on or after the RETROACTIVE DATE, if any.

Accordingly, three prerequisites are required to be met under the Policy in order for Torus to provide coverage: (1) the demand must be made upon the insured during the policy period, (2) the claim must be reported to Torus in writing within sixty days of the expiration of the policy period, and (3) the wrongful act must have occurred on or after the retroactive date, if any.

---

[12] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[13] *Gorman v. City of Opelousas*, 148 So. 3d 888, 897 (citing  La. Rev. Stat. § 22:1269(B)(1) & (D)).

[14] *Id.* at 897.

5

On January 13, 2014, Torus received its first notice of Plaintiffs' potential legal malpractice claim.  On that date, Plaintiffs notified Torus in writing of their potential legal malpractice claim against TCF and/or the Phillips Defendants and against Torus as their professional liability carrier.  Plaintiffs filed the instant lawsuit on February 3, 2014.[15]   Because the policy period expired on January 26, 2013, Torus did not receive notice of Plaintiffs' claim until well after the sixty-day notice period required under the Policy had passed.

Under Louisiana law, the rights of injured parties under claims-made insurance policies do not vest at the time of injury but at the time the claim is made.[16]  Likewise, the purpose of the reporting requirement in a claims-made policy is to define the scope of coverage purchased by the insured by providing a certain date after which an insurer knows it is no longer liable under the policy.[17]  Failure to make a claim and report it during the policy period in effect at the time of injury precludes coverage for the third party's injury.[18]

Under the Policy at issue, coverage extended only to claims reported in writing to Torus within sixty days of the January 26, 2013 policy expiration date. However,  it is undisputed that Plaintiffs did not notify the Phillips Defendants of their potential claim until November 6, 2013, and Torus was not notified until

---

[15] This suit was originally filed in the Civil District Court for the Parish of Orleans. Torus removed this matter to federal court on diversity grounds after the Phillips Defendants were dismissed on account of their bankruptcy filings.

[16] *Resolution Trust Corp. v. Ayo*, 31 F.3d 285, 293 (5th Cir. 1994).

[17] *Id.* at 289. Insurance companies may limit their liability through clear and unambiguous notice provisions. *Id.*

[18] *Gorman*, 148 So. 3d at 898.

January 13, 2014—long after the Policy had expired and the applicable reporting period had closed.  Thus, Plaintiffs' legal malpractice claim was neither made nor reported to Torus in writing within the applicable period required by the Policy.  Accordingly, Plaintiffs' claim does not meet the prerequisites for coverage required by Torus's Policy with TCF, and their claims against Torus are therefore dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED.  Plaintiffs' claims against Defendant Torus Specialty Insurance Company are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 15th day of June, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

7