UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DELLA CUPPS, ET AL.**                                                         **CIVIL ACTION**

**VERSUS**                                                                                   **NO. 14-615**

**TORUS SPECIALTY INSURANCE CO. ET AL.**        **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendant Torus Specialty Insurance Co.'s Motion for Entry of Final Judgment (R. Doc. 49). For the following reasons, Defendant's Motion is GRANTED.

## BACKGROUND

On June 16, 2015, this Court granted Defendant Torus Specialty Insurance Co's ("Torus") Motion for Summary Judgment on the grounds that it does not owe coverage to Defendant The Cochran Firm ("TCF") in this legal malpractice action. Pursuant to that order, Torus was dismissed with prejudice from this matter. TCF is the sole remaining defendant in this action, and it has

1

not yet been joined. Torus has moved this Court for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). Plaintiffs have not opposed this Motion.

## LAW AND ANALYSIS

Rule 54(b) states that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

According to the Fifth Circuit, "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals."[1] Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice.[2] "A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel."[3]

The threshold inquiry for this Court, then, is whether "there is no just reason for delay."[4] This determination is within the sound discretion of the

---

[1] *PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

[2] *Id.*

[3] *Id.* (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir.1985)).

[4] *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992).

district court.[5] In making this determination, the district court must weigh "the inconvenience and costs of piecemeal review" against "the danger of denying justice by delay."[6]

This Court holds that there is no just reason to delay the entry of final judgment of the Court's June 16, 2015 order dismissing Torus. The only remaining issues in this case are Plaintiff's allegations of legal malpractice against TCF. An appeal of this Court's order dismissing Torus would involve only issues of insurance coverage. Therefore, the entry of final judgment would not result in piecemeal appeals or force the Fifth Circuit to decide the same issue twice.[7] In addition, TCF has not yet been joined in this action, and therefore, the protracted delay in bringing this matter to final resolution would prejudice Torus.

---

[5] *Id.*

[6] *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).

[7] *See Sailboat Bay Apartments, LLC v. United States*, No. 14-2344, 2015 WL 3772756, at *2 (E.D. La. June 17, 2015) ("Accordingly, one factor the Court must consider is whether the Fifth Circuit would have to decide the same issues more than once if there were subsequent appeals.").

## CONCLUSION

For the foregoing reasons, the Defendant's Motion is GRANTED, and final judgment is entered dismissing Torus Specialty Insurance Co. from this case.

New Orleans, Louisiana, this 24th day of August, 2015.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**